UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO.: 1:17-CR-69-HAB |
| ) | |
| IVAN JAIMES-MOLINA ) | |

## OPINION AND ORDER

Defendant Ivan Jaimes-Molina seeks compassionate release under 18 U.S.C §3582(c)(1)(A) (ECF No. 86). He asks the Court to reduce his sentence  The Government opposes the motion in principal and because Defendant has not exhausted his administrative remedies prior to filing his motion. (ECF No. 88). The motion is fully briefed. Because the Government is correct that Defendant failed to exhaust his administrative remedies prior to filing his compassionate release motion, the Defendant's motion will be DENIED.

## **DISCUSSION**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …

> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government contends that Defendant failed to satisfy the requirement. (ECF No. 88)

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), the Seventh Circuit clarified that the exhaustion requirement is a mandatory claim-processing rule and "*must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense a defendant has the burden to show he properly exhausted all administrative avenues available to him. *Sanford*, 986 F.3d at 781–82 ("the defendant must first present his request for compassionate release to the warden *and exhaust administrative appeals* (if the request is denied)…").

Further, to properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*.

A review of Defendant's filing and the BOP records he submits confirm that the Defendant requested compassionate release from the Warden on November 19, 2023. (ECF No. 86-1). The Warden formally denied his request on December 5, 2023, and notified Defendant of his

2

administrative appeal rights. (ECF No. 86-2). In his reply, Defendant provides no evidence to show that he exercised his administrative rights to appeal the Warden's denial of his compassionate release request. Instead, it appears that rather than exercise his appeal rights, he filed the present motion on December 18, 2023. Simply put, Defendant failed to meet his burden to prove exhaustion. Absent evidence that Defendant exhausted *all* his administrative remedies, including administrative appeals, prior to filing a motion in the district court, Defendant's compassionate release motion is premature and must be DENIED.[1]

## CONCLUSION

For the above reasons, the Defendant's Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A) is DENIED. (ECF No. 86).

SO ORDERED on April 9, 2024.

        s/ *Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT

---

[1] The Government asserts that Defendant did not meet the 30-day exhaustion requirement because he filed his request for compassionate release on December 18, 2023, less than 30 days after he initially made a request to the Warden. But the Court reads the 30-day requirement to apply only when the Warden fails to respond to a defendant's request within 30 days – not, as here, where the Warden denies the request within 30 days. *United States v. Pertil,* No. 21-12652, 2022 WL 2866684, at *1 (11th Cir. July 21, 2022) (30 day rule applies "if the BOP fails to answer the defendant's request within 30 days."). Further support can be found for this interpretation in *United States v. McGee*, 992 F.3d 1035, 1041–42 (10th Cir. 2021). There, the Tenth Circuit, citing to the Congressional record, found that Congress' modifications to the compassionate release statute were intended to address inconsistent implementation and poor management of the compassionate release program by the BOP… "resulting in overlooked eligible inmates and terminally ill inmates dying while their requests were pending." *Id.* at 1042. Congress then modified § 3582(c)(1) to allow a defendant to directly file a motion for compassionate release with the district court after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion or the passage of 30 days from the defendant's **unanswered** request to the warden for such relief. *Id.* (emphasis added).

3